OPINION
{¶ 1} Defendant-appellant Michael T. Black appeals from his two rape convictions entered in the Jefferson County Common Pleas Court after a jury trial. The issues before us concern weight and sufficiency of the evidence focusing on the inability to pinpoint the dates of the rapes. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} In August 2002, a ten-year-old girl informed her father that appellant placed his penis in her mouth at some time in the past. She initially stated that it happened a year or two ago, but she also stated that it happened when she was staying with her mother in Hammondsville, from where her mother moved four years prior.
 {¶ 3} The police interviewed appellant in September 2002. Appellant, who was 37 years old at the time of the interview, had been dating the victim's grandmother for eighteen years. Appellant initially denied the allegations, and then, he placed the blame on the victim. (Tr. 100). After a one-hour interview, appellant signed the following statement:
 {¶ 4} "The first time me [the victim], we was in Biliie's [the victim's mother] house. Me Jessica were in the living room, at the couch that's when she first did it. That's when I yelled at her. It was wrong cause she had my penis in her mouth.
 {¶ 5} "Second time was in the kitchen that's when she pulled down my jogging pants. That's when she grabbed a hold of me, my penis. That's when she put her mouth on my penis the second time. I yelled at her. That's about it except when she bit me. She bit me on the leg, left pretty good teeth marks too."
 {¶ 6} Appellant apparently revealed to police that the incidents occurred when he lived with the victim's mother sometime after Independence Day while the kids were on summer vacation a few years before. (Tr. 102, 162). On October 2, 2002, appellant was indicted with two counts of rape of a child under the age of thirteen, two counts of sexual battery, and two counts of gross sexual imposition. Only the two rape counts were submitted to the jury. It was alleged that the incidents of oral sex occurred on or about July or August 1998.
 {¶ 7} The victim testified that she could remember two incidents where appellant put his penis in her mouth. She related that both incidents occurred during summer vacation when she was seven or eight years old. Appellant testified that although he made the confessional statement, read it aloud, understood it, and signed it, it was false in that he did not perform the alleged acts with the child.
 {¶ 8} The jury found appellant guilty on both counts. The court thereafter sentenced appellant to ten years in prison on each count to run concurrently and labeled appellant a sexual predator. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 9} Appellant's sole assignment of error is as follows:
 {¶ 10} "The jury verdict of guilty for the offense of rape of a person not his spouse and being under the age of thirteen in violation of o.r.c. 2907.02(a)(1)(b) felonies of the first degree was against the manifest weight of the evidence."
 {¶ 11} As the issue presented, appellant notes that the state must prove every element of rape beyond a reasonable doubt. As we have stated numerous times, the concepts of weight and sufficiency are distinguishable. State v. Thompkins (1997),78 Ohio St.3d 380, 387. Sufficiency of the state's evidence is a legal question dealing with the adequacy of that evidence. Id. at 386. In determining sufficiency, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact-finder could find the essential elements proven beyond a reasonable doubt. Id. See, also, State v. Goff (1998),82 Ohio St.3d 123, 128.
 {¶ 12} The elements of the type of rape with which appellant was charged and convicted are: sexual conduct with one who is not the offender's spouse where the victim is under thirteen years of age. R.C. 2907.02(A)(1)(B). The victim testified that appellant put his penis in her mouth twice, establishing sexual conduct. It was demonstrated through testimony and a birth certificate that the victim was under thirteen at the time of testifying and thus obviously also at the time of the offenses. Lastly, the victim was not the offender's spouse. Viewing the evidence in the light most favorably to the state, the elements of rape were sufficiently established.
 {¶ 13} Appellant more specifically argues that the state's evidence was insufficient to convict him because the times and places were not definite. He points to the victim's initial statement that the rapes occurred one to two years prior to the August 2002 interview. He then contrasts this with the victim's testimony that the rapes took place in the summer when she was seven or eight. The caseworker explained that time lines are extremely difficult for children because their concept of time is not concrete in a child the age of the victim. (Tr. 158). She also noted that disclosure is a process, which allows details to be revealed over time. (Tr. 157).
 {¶ 14} As for place, both appellant and the victim related the general place was Hammondsville. Appellant himself mentioned the kitchen and the living room in the victim's mother's house. The victim testified that one incident took place at appellant's trailer and one incident took place at her mother's house. (Tr. 135, 142).
 {¶ 15} There is no sufficiency problem with regards to the exact dates and places of the rapes. Rather, the issue as argued by appellant deals with the credibility of the victim and thus shall be addressed separately below.
 {¶ 16} Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."Thompkins, 78 Ohio St.3d at 387. It indicates clearly to the trier of fact that the state is entitled to a conviction if, on weighing the evidence, the trier of fact finds that the greater amount of credible evidence sustains the issue to be established. Id. "Weight is not a question of mathematics, but depends on itseffect in inducing belief." Id. (Emphasis added).
 {¶ 17} The reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. The appellate court's discretionary power to grant a new trial on these grounds should only be exercised in the exceptional case where the evidence weighs heavily against the conviction. Id.
 {¶ 18} This strict test acknowledges that credibility is generally the province of the trier of fact who sits in the best position to assess the weight of the evidence and credibility of the witnesses whose gestures, voice inflections, and demeanor the trier of fact can personally observe. State v. Hill (1996),75 Ohio St.3d 195, 205; State v. DeHass (1967), 10 Ohio St.2d 230,231. See, also, Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. Where there are two fairly reasonable views or explanations, we do not choose which one we prefer. Rather, we defer to the trier of fact unless the evidence weighs so heavily against conviction that we are compelled to intervene.
 {¶ 19} Here, the jury could find the testimony of the police officer and the caseworker to be credible. These witnesses both related that appellant said the incidents occurred after July 4 when he was staying with the victim's mother in Hammondsville while the children were on summer vacation. The jury could also find that the victim's testimomy that the rapes occurred in the summer when she was seven or eight to be more accurate than her original statement to her father that it occurred a year or two before. Appellant himself stated that he left Hammondsville in 1999.
 {¶ 20} Finally, although appellant does not specify that the date issue prejudiced his defense in any particular way, we shall still remind him that a child-victim is not required to present exact dates. See State v. Alicea (Dec. 11, 2002), 7th Dist. No. 99CA36. This is especially true in cases such as this where appellant admitted to seeing the victim twenty to thirty times in the last four to five years and there is no indication of a ruined alibi defense. See State v. Hensley (1991),59 Ohio St.3d 136, 142 (defendant must show state possessed exact dates and that information was material to a defense theory put forth at trial).
 {¶ 21} Most importantly and distinguishing this case from all others, appellant made a statement to police conceding that oral sex occurred twice. Thus, the issue of dates has diminished importance. Appellant's arguments are without merit.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.