DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Steven Cepec, appeals from his conviction out of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The matter proceeded to trial, and the jury found appellant guilty of the offense. The trial court sentenced appellant accordingly. Appellant timely appeals his conviction, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"There was insufficient evidence to support the jury's verdict, and appellant's conviction for burglary was against the manifest weight of the evidence."
 {¶ 3} Appellant argues that his conviction for burglary was not supported by sufficient evidence and was against the manifest weight of the evidence. Specifically, appellant argues that the State failed to prove all the essential elements of the offense beyond a reasonable doubt. Appellant argues that the State failed to prove beyond a reasonable doubt the identity of the perpetrator and that a trespass had occurred in an occupied structure. This Court disagrees.
 {¶ 4} Appellant was convicted of burglary in violation of R.C.2911.12(A)(3), which states:
"No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense[.]"
 {¶ 5} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390. When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, 279.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 6} A determination of whether a conviction is against the manifest weight of the evidence, however, does not require this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654, 2004-Ohio-1422, at ¶ 11. Rather,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 7} A new trial should be granted, however, only in the exceptional case, where the evidence weighs heavily against the conviction. Id. In fact, while this Court must weigh the evidence and consider the credibility of witnesses, it is well settled that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Therefore, "[t]his Court gives deference to the findings of the jury as they are in the best position to determine the credibility of witnesses during trial." State v. Aaron, 9th Dist. No. 21434, 2003-Ohio-5159, at ¶ 17.
 {¶ 8} This Court has stated that "[s]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 9} In this case, the State presented evidence that, during a twelve-hour period when the victim was absent from his home on the evening of September 17, 2003 until the morning of September 18, 2003, the basement window of the victim's home was broken. The victim testified that a rock matching the foundation of his house was found in the basement across from the broken window. The State presented evidence that the broken window could accommodate the passage of an adult and that the victim's home was ransacked and certain items were stolen. In addition, the State presented evidence that appellant's blood was found on a piece of broken glass on the ground outside the victim's basement window, where the break-in occurred.
 {¶ 10} Appellant, representing himself at trial, elicited testimony from Detective Vozar of the Medina City Police Department regarding appellant's statement to him. Detective Vozar testified that appellant admitted to breaking the victim's basement window on the night and early morning of September 17 and 18, 2003, but denied entering the premises.
 {¶ 11} The State presented evidence of a streak consistent with a shoe mark along the inside basement wall, indicating that someone slid down the wall from the broken window. The victim also testified that his previously locked front door was open upon his return on the morning of September 18, 2003.
 {¶ 12} There were no fingerprints or footprints taken at the scene. In addition, there was no evidence of appellant's blood inside the victim's home. A black ski mask found in the victim's yard could not be linked to appellant. Further, a search of appellant's home turned up no property belonging to the victim. Nevertheless, the jury found appellant guilty of the burglary.
 {¶ 13} A careful review of the record indicates that the State presented evidence that appellant was present outside the victim's home on the night of the burglary. The State further presented evidence that appellant broke the basement window, through which the perpetrator entered the home. Appellant's blood was found on a piece of glass outside of the broken basement window. There was evidence to show that the victim's home was ransacked and that items were taken from the home. A jury could reasonably find, based on both the direct and circumstantial evidence, that appellant is the person who entered the victim's home for the purpose of committing therein a theft offense. As such, this Court finds that the jury did not lose its way and create a manifest miscarriage of justice when it convicted appellant of burglary in violation of R.C.2911.12(A)(3).
 {¶ 14} This Court finds that this is not the exceptional case, where the evidence weighs heavily in favor of appellant. Having found that appellant's conviction is not against the manifest weight of the evidence, this Court further necessarily finds that there was sufficient evidence to support the jury's verdict. Appellant's assignment of error is overruled.
 III. {¶ 15} Appellant's assignment of error is overruled. Appellant's conviction for burglary out of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Moore, J., Concur.