OPINION *Page 2 
{¶ 1} Defendant-appellant Joseph Murray appeals his conviction of criminal damaging which was entered after a bench trial in Mahoning County Court No. 4. Appellant urges that the decision that he was the perpetrator of the damage was not supported by sufficient evidence and was contrary to the manifest weight of the evidence. He also complains that the element requiring that the damage was inflicted without the owner's consent was not supported by sufficient evidence where the complaint named a person as the owner and the testimony did not specify how that person was related to the company that actually owned the property. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Appellant was a tenant in an apartment building at 7004 Callaway Circle in Austintown, Ohio. On direct examination in appellant's criminal damaging trial, Mr. Samuel Boak testified that he owned the apartment building, and on cross-examination, he clarified that Loft West, LLC was the owner of the building. (Tr. 9, 32). Mr. Boak stated that, on June 10, 2006, he was in the process of evicting appellant when tenants called him to report that the ceiling above the common hallway was leaking. He arrived to find the sinks clogged and the faucets running in appellant's apartment. He also found the toilet clogged and overflowing. Mr. Boak stated that appellant was present with two friends at the time. The police arrived upon Mr. Boak's request and found that appellant had no door as Mr. Boak's employees had removed it some days before. A new door was hung that day at the request of the police officers.
 {¶ 3} The next day, Mr. Boak again received calls from tenants to report even worse flooding than the day before. He arrived to find the hall ceiling collapsed due to water running from appellant's apartment above. The sinks and toilets were clogged and running again. What appeared to be an entire roll of crumpled up toilet paper was in the toilet. Toilet paper and other debris such as cigarette butts clogged the sink drain. The police were called again, and a complaint for criminal damaging, a second degree misdemeanor, was filed against appellant. *Page 3 
 {¶ 4} The case was tried to the court on November 15, 2006. The state presented the testimony of Mr. Boak, who explained the aforementioned sequence of events and the damage to the apartment unit and common area. The state also presented the testimony of the officer who responded on June 11, 2006.
 {¶ 5} Appellant testified in his own defense. He claimed that he was without a door for over two weeks. (Tr. 57). He insisted that he did not clog the fixtures or leave the water running and that he did not know who did. Appellant testified that he did not arrive home until after the June 10 incident and that the police made Mr. Boak replace his door. He claimed that Mr. Boak took his old keys, which presumably included the key to the common hallway, and refused to give him keys to the new apartment door. Thus, he claimed that he could not have entered to flood the apartment on June 11. He further stated that he had property in the apartment during the flood and that someone had turned over his chairs and scratched his 42" plasma television from corner to corner. (Tr. 59-60).
 {¶ 6} The court found appellant guilty as charged. A sentencing hearing proceeded on December 27, 2006, at which time the court sentenced appellant to a ninety-day suspended jail sentence, one year of probation, a $100 fine plus costs and restitution in the amount of $2,367.31. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 7} Appellant sets forth three assignments of error, the first of which contends:
 {¶ 8} "THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY."
 {¶ 9} Sufficiency of the evidence deals with the legal adequacy of the evidence rather than the weight of the evidence. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court views the evidence in the light most favorable to the prosecution and still finds that no rational trier of fact could find the elements of the offense established beyond a reasonable doubt. State v. Goff (1998),82 Ohio St.3d 123, 138. *Page 4 
 {¶ 10} The only element appellant places at issue under this assignment of error is his identity as the perpetrator of the flooding. In support, he argues that the evidence established that his apartment had no door on June 10, a new door was installed on June 10 after the flood, there was no evidence that he had keys to the new door, and there was no testimony regarding forced entry on June 11. He also points to his testimony that Mr. Boak took his keys on June 10. He concludes that the evidence was insufficient to establish his identity as the offender.
 {¶ 11} As the state responds, a defendant's identity as the perpetrator can be established through circumstantial evidence. See, e.g., State v. Richey (1992), 64 Ohio St.3d 353, 363. Here, there is no dispute that the sinks and toilet were clogged and the water left running in a manner that would knowingly cause flooding. Appellant was the tenant. He was in the process of being evicted, providing motive for the acts; even the landlord's improper act of removing the door provides motive.
 {¶ 12} According to Mr. Boak, appellant was in the apartment with two friends when he arrived to investigate the flood on June 10. Yet, it was Mr. Boak who turned off the faucets and released the clogs. In other words, appellant was discovered at the crime scene during the crime but made no effort to stop the easily remedied and obvious problems that were occurring around him.
 {¶ 13} Mr. Boak was not asked whether he took appellant's keys on June 10 or whether he gave appellant keys to the new door. It is only appellant who claims that Mr. Boak confiscated his keys and failed to give him new keys. This is a credibility issue. We also note evidence that the sliding glass door in the back had been taken apart, which could have provided an alternative means of appellant's entry on June 11.
 {¶ 14} This assignment of error is without merit because viewing the evidence in the light most favorable to the state, a rational person could conclude that appellant was the perpetrator notwithstanding his claims to the contrary. This leads to his weight of the evidence argument contained in the next assignment of error.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 15} Appellant's second assignment of error alleges:
 {¶ 16} "THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 5 
 {¶ 17} Even though a conviction may be supported by sufficient evidence, the court of appeals may find that the judgment is against the weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. Id. at 387. In evaluating the weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175. The discretionary power to grant a new trial is exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 18} This test acknowledges that fact-finding and weighing of evidence are generally the province of the trier of fact who sits in the best position to assess the credibility of the witnesses whose gestures, voice inflections and demeanor are personally observed. State v.Hill (1996), 75 Ohio St.3d 195, 205; State v. DeHass (1967),10 Ohio St.2d 230, 231. See, also, Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. Where there are two fairly reasonable views or explanations, we do not choose which one we prefer. State v. Black, 7th Dist. No. 03JE1, 2004-Ohio-1537, ¶ 18. Rather, we defer to the trier of fact unless the evidence weighs so heavily against conviction that we are compelled to intervene. Id.
 {¶ 19} Here, appellant sets forth the same arguments as above on his identity as the perpetrator. He adds his conclusion that he would have to be bereft of his senses to flood the apartment the day after the first flood to which police officers responded. He also notes that his own possessions were in the apartment and at risk of being ruined by a flood.
 {¶ 20} The trial court witnessed appellant testify in his own defense. He apparently was not as credible a witness as he believes. The court could have found indications of untruthfulness in his claims that he did not clog his fixtures or leave the faucets on and in his claims that he did not know who did. The court could find motive in the fact that appellant was not only being evicted but he also claimed that he had no *Page 6 
door for over two weeks, which if true would lead anyone to experience extreme anger and feelings of ill-will towards their landlord.
 {¶ 21} Moreover, the trial court could reasonably choose to disbelieve appellant's claim that Mr. Boak took appellant's keys on June 10 and failed to provide him with keys to the new door, especially in the face of his claim that Mr. Boak hung the door at the order of the police. Appellant's gestures, mannerisms, voice inflection, demeanor and eye movements were all valid considerations to which the trial court was privy.
 {¶ 22} Additionally, it was within the trial court's province to believe the testimony of Mr. Boak that appellant and two friends were in the apartment when he arrived on June 10 and that he, not they, acted to stop the flooding. Finally, the fact that it was senseless to commit the same act two days in a row, knowing the police were involved, does not provide extraordinary circumstances; those who commit crimes are often caught due to senseless acts.
 {¶ 23} Although an acquittal based upon a finding that appellant was not the perpetrator would have been one reasonable interpretation of the evidence, a conviction on that same evidence does not appear to be a manifest miscarriage of justice. That is, one rational fact-finder could have believed that appellant's testimony was credible and reasonably concluded that an intruder with a grudge against appellant or a general vandal was the culprit. However, another rational fact-finder could disbelieve appellant's claims and suggestions. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 24} Appellant's third assignment of error provides:
 {¶ 25} "THE STATE OF OHIO FAILED TO PROVE BY PROOF BEYOND A REASONABLE DOUBT ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED IN THE COMPLAINT."
 {¶ 26} Here, appellant takes issue with the sufficiency of the evidence to prove that the damage was inflicted without the owner's consent. The relevant elements of criminal damaging are: knowingly, by any means, causing or creating a substantial *Page 7 
risk of physical harm to any property of another without the other person's consent. R.C. 2909.06(A)(1). The charging instrument here stated that appellant:
 {¶ 27} "* * * DID KNOWINGLY BY ANY MEANS, CAUSE, OR CREATE A SUBSTANTIAL RISK OF PHYSICAL HARM TO 7004 CALLAWAY CIRCLE F-5, THE PROPERTY OF SAMU[E]L G. BOAK WITHOUT HIS CONSENT * * * IN VIOLATION OF SECTION 2909.06 A-1 M-2 OF THE O.R.C."
 {¶ 28} On direct examination, Mr. Boak responded affirmatively when asked if he owned the apartment building at issue. (Tr. 9). On cross-examination, Mr. Boak answered that the owner of the apartment building was Loft West, LLC. (Tr. 32). After the close of the state's evidence, appellant moved to dismiss on the ground that the complaint does not state an offense because it says the property is owned by Mr. Boak, who actually ended up testifying that it was owned by a limited liability company.
 {¶ 29} The trial court denied the motion and noted that an amendment of the owner could be amended at any time including after trial. (Tr. 55). Appellant now urges that there is insufficient evidence regarding the lack of the owner's consent and complains that there is no indication of a subsequent amendment of the complaint to allege the correct property owner.
 {¶ 30} However, merely because the complaint listed the owner of the company rather than the company itself as the property owner is not fatal. The offense of criminal damaging is still stated where it turns out the legal owner of the damaged property is a company rather than the person who owns the company. See Crim.R. 7(B); R.C. 2909.06(A)(1). This is not a case dealing with business associations and the effect of incorporation or creation of limited liability companies.
 {¶ 31} The criminal complaint stated the elements of the offense of criminal damaging and provided the correct location of the property. Appellant cites us to no law requiring that a complaint state the name of the legal owner of damaged real estate where it lists the address of the damaged property and states that the damage was done without the owner's consent. In fact, amendment of the victim is permissible. See, also, State v. Henley, 8th Dist. No. 86591, 2006-Ohio-2728, ¶ 20 ("It is well settled that an amendment to an indictment which changes the name of the victim changes neither the substance nor the identity of the crime charged."); Crim.R. *Page 8 
7(D). The court here explained that such amendment was permissible and denied appellant's dismissal motion on this ground. (Tr. 55).
 {¶ 32} Because the court noted that amendment is even allowed after trial, appellant assumes that amendment did not occur at the point of the court's mid-trial denial of his dismissal motion and he notes that the court made no mention of amendment at the conclusion of trial. However, contrary to appellant's suggestion, the court's notation on the bounds of allowable amendment does not imply an intent to perform an act later. The state urged that Mr. Boak was an authorized representative, and the court found that amendment was permissible and denied appellant's motion. This can be construed as amendment. See State v.Beach, 6th Dist. No. L-02-1087, 2004-Ohio-5232, ¶ 53 (speaking of a presumed amendment where the court allows the state to proceed). Appellant does not explain what further act the court should have engaged in to effect the amendment.
 {¶ 33} Finally, there is no indication of prejudice as Mr. Boak was sufficiently shown to be the authorized representative and owner of the company. Obviously, the evidence of the lack of a company's consent can only be presented through the testimony of its representatives such as its owner. Mr. Boak testified that he owned the apartment building. (Tr. 9). He characterized appellant as "my tenant." (Tr. 10). He stated that he rented the apartment to appellant after personally showing him the apartment and giving him his keys. (Tr. 10-11). He disclosed that the other tenants called him to report the floods and that he called the police due to the criminal damaging. (Tr. 11). He also answered affirmatively when asked if the tenants call him because he is the landlord. (Tr. 12).
 {¶ 34} As such, there is sufficient evidence that the damage was performed without the owner's consent. That is, viewing the evidence in the light most favorable to the state, a rational person could find that the company through its agent/owner did not consent to the act of clogging drains and toilets and leaving faucets running which caused a flood and the destruction of the physical property. This assignment of error is overruled, and appellant's conviction is upheld. *Page 9 {¶ 35} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 Donofrio, J., concurs. Waite, J., concurs. *Page 1