DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant George Liggins ("Liggins") appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 FACTS {¶ 2} On October 9, 2007, an intruder broke into the home of Mr. and Mrs. Shaw through a hole the intruder created in the Shaw's basement paneling. The next morning, Mr. Shaw noticed that the keys to his wife's blue 2006 Toyota RAV 4 were missing from the key rack and upon entering the garage discovered that his wife's vehicle had been stolen. Mrs. Shaw was out of town at the time, but had given no one but her husband permission to drive the vehicle. Mr. Shaw reported the theft to the police and his insurance company.
 {¶ 3} Around 4:00 a.m. on October 29, 2007, Trooper Shawn F. Milburn ("Trooper Milburn"), a trooper with the Canton patrol post for the Ohio State Patrol, was on duty patrolling Summit County. Upon entering Interstate 77, Trooper Milburn noticed a blue Toyota RAV 4 *Page 2 
that repeatedly veered over the left fog line. The only occupant appeared to be the driver. Trooper Milburn ran the plates of the vehicle and discovered it was stolen. Other police units were called to the area. The vehicle exited the Interstate, at which time Trooper Milburn turned on his overhead lights. The vehicle accelerated and led officers from multiple police departments on a high speed chase. When the suspect vehicle entered a residential area, Trooper Milburn was ordered to back off a little so as to not pose a serious danger to innocent bystanders. At this point, Trooper Milburn lost sight of the vehicle.
 {¶ 4} Shortly thereafter, there was a report of the vehicle crashing into a tree in a nearby yard. The driver was not found with the vehicle, but the vehicle contained a work identification of Liggins as well as mail addressed to him. A witness described seeing an African American male wearing a sweater and carrying a bag fleeing from the vehicle. A few blocks away from the scene of the crash, in nearby woods, Liggins was apprehended by authorities. Liggins is the former son-in-law of Mr. and Mrs. Shaw.
 {¶ 5} Liggins was indicted on several criminal charges. A jury trial was held and Liggins was found guilty of failure to comply with signal or order of a police officer, receiving stolen property and driving under financial responsibility law suspension or cancellation. Further, the trial court found Liggins guilty of reckless operation.
 {¶ 6} Liggins challenges his conviction and raises one assignment of error arguing that the trial court erred in denying Liggins' motion for directed verdict as there was insufficient evidence to meet all elements of each offense and Liggins' conviction was against the manifest weight of the evidence. Specifically, Liggins disputes that the State proved beyond a reasonable doubt that it was Liggins who committed the offenses. This Court overrules Liggins' assignment of error. *Page 3 
 SUFFICIENCY OF THE EVIDENCE AND MANIFEST WEIGHT OF THE EVIDENCE {¶ 7} "When reviewing the trial court's denial of a Crim. R. 29 motion, this [C]ourt assesses the sufficiency of the evidence `to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" State v. Flynn, 9th Dist No. 06CA0096-M, 2007-Ohio-6210, at ¶ 8, quoting State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In reviewing challenges to sufficiency, we must view the evidence in a light most favorable to the prosecution. State v. Cepec, 9th Dist No. 04CA0075-M,2005-Ohio-2395, at ¶ 5, citing Jenks, 61 Ohio St.3d at 279.
 {¶ 8} However, when determining whether a conviction is supported by the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Cepec at ¶ 6, quoting State v. Otten (1986), 33 Ohio App.3d 339, 340.
We must only invoke this discretionary power in "extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant." Flynn at ¶ 9, citing Otten, 33 Ohio App.3d at 340.
 {¶ 9} "Because sufficient evidence is required to take a case to the jury, the conclusion that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency." Flynn at ¶ 10, citing State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. As we conclude the issue of the manifest weight of the evidence is determinative, we will address it first. *Page 4 
 {¶ 10} The Court has reviewed the entire record and determines that the jury verdict was not against the manifest weight of the evidence. The Court first notes that the facts described above are not disputed. Liggins argues that the State did not meet its burden of persuasion in proving that Mr. Liggins possessed Mrs. Shaw's stolen vehicle and it did not prove that Mr. Liggins was the driver of that vehicle. In essence, Liggins argues that the jury verdict was against the manifest weight of the evidence because the identity of Liggins was proven by means of circumstantial evidence rather than direct evidence or witness identification.
 {¶ 11} The State must prove beyond a reasonable doubt the identity of the perpetrator of the crime. Flynn at ¶ 12, citing State v. Gorgan
(Jan. 10, 1990), 9th Dist. No. 1824, at *1. "The identity of a perpetrator may be established using direct or circumstantial evidence." Id. Circumstantial and direct evidence have equal probative values.State v. Smith (Nov. 8, 2000), 9th Dist. No. 99CA007399, at *6, quotingJenks, 61 Ohio St.3d at paragraph one of the syllabus. Circumstantial evidence alone can be used to establish the identity of a perpetrator. See State v. Murray, 7th Dist. No. 07 MA 21, 2008-Ohio-1537, at ¶ 11;State v. Brown, 12th Dist. No. CA2006-10-120, 2007-Ohio-5787, at ¶ 34. Further, "there is no need for such evidence to be irreconcilable with any reasonable theory of defense in order to support a conviction."State v. Cudgel (Mar. 9, 2000), 10th Dist. No. 99AP-532, at *5, quotingState v. Davis (Sept. 24, 1998), 10th Dist. No. 98AP-192, at *2, citingJenks, 61 Ohio St.3d at 273.
 {¶ 12} In this case, the State presented the testimony of three witnesses, Mr. and Mrs. Shaw and Trooper Milburn. Mrs. Shaw testified that Liggins was her son-in-law for eight and one half years prior to his divorce from her daughter in 2007. Mr. Shaw testified that he and his wife lived at the address of the theft for approximately twenty years. Mr. Shaw further testified that the RAV 4 was parked in the garage on the night of October 9, 2007 and that the vehicle was *Page 5 
not visible from outside the garage. Mr. Shaw stated that the only things taken from his home on that evening were the keys to the 2006 RAV 4 and the RAV 4.
 {¶ 13} From these facts, it could be reasonably inferred that the intruder knew what he or she wanted to take, knew where to find it, and took it. It could also be reasonably inferred from the facts that the intruder was familiar with the Shaw house.
 {¶ 14} Trooper Milburn testified that the only person he saw in the 2006 RAV 4 on October 29, 2007 was the driver. Trooper Milburn testified he could not discern whether the driver was a man or a woman or if anyone was hiding somewhere in the vehicle. After Trooper Milburn determined the vehicle was stolen and attempted to initiate a traffic stop, the vehicle initiated a high speed chase. Upon entering a residential area, Trooper Milburn was ordered to back off in the interest of public safety. At this point, Trooper Milburn lost sight of the vehicle. Shortly thereafter, Trooper Milburn received a report that the vehicle in question had crashed into a tree. Trooper Milburn testified that there was a witness who saw an African American male dressed in a sweater, carrying a bag get out of the vehicle and head towards the woods. The driver was not found at the site of the crash. The vehicle was inventoried and numerous items were recovered including CDs, a DVD, a pair of reading glasses, a pair of shoes, a cell phone adapter, mail addressed to Liggins, and a work identification card of Liggins.
 {¶ 15} Around the time of the crash, and just several blocks from the site of the crash, Liggins was found by officers in the woods. Liggins was not wearing a sweater and no bag was found in his possession or near him. Liggins was arrested and questioned and initially denied that he was George Liggins.
 {¶ 16} Given this string of circumstantial evidence and after weighing all of the evidence, this Court determines that the jury's conclusion that it was Liggins driving Mrs. *Page 6 
Shaw's stolen vehicle was not against the manifest weight of the evidence. The October 29, 2007 chain of events began with the pursuit of Mrs. Shaw's stolen vehicle. Although it was possible that more than one person could have been in the vehicle, evidence was not offered to suggest that more than one person was in the vehicle. After the vehicle crashed shortly after officers lost sight of it, Liggins' mail and identification were found in the vehicle. The police spoke with a witness who observed an African American male walking towards the woods in the vicinity of the crash. Liggins, who is African American, was found in the vicinity of the crash, in an area the witness suggested that officers search.
 {¶ 17} This Court concludes this is not the rare case in which the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Cepec at ¶ 6. (Citation omitted.) The fact that the jury could have found the perpetrator to be someone other than Liggins, does not necessarily mean its verdict concluding otherwise was against the weight of the evidence. See Murray at ¶ 18. Because we conclude that the jury verdict was not against the manifest weight of the evidence, we also necessarily determine that the prosecution presented sufficient evidence to take the case to the jury. See Flynn at ¶ 10, citing Roberts at *2.
 CONCLUSION {¶ 18} In light of the foregoing, this Court affirms the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J. MOORE, P. J. CONCUR. *Page 1