OPINION
{¶ 1} Tonya Drane appeals from her conviction in the Vandalia Municipal Court for criminal damaging, in violation of R.C. 2909.06. She argues that the state failed to prove an element of the offense, namely that she acted "without consent" when she damaged the victims' vehicles. For the following reasons, Drane's conviction will be affirmed. *Page 2 
 {¶ 2} According to the state's evidence, at approximately 5:45 p.m. on January 7, 2006, Drane came to the apartment of her ex-boyfriend, Paul Cates, to drop off their young daughter. At that time, Jacob Berry, a neighbor of Cates, overheard an argument outside of Cates' apartment, and Berry looked out his window. Berry saw Drane angrily walk away from Cates' apartment and key three cars, including a Jaguar and a Grand Am. Cates testified that he owned a 1992 Jaguar and a 1994 Buick Century, and that his girlfriend drove a 1999 Grand Am. Berry left his apartment and informed Cates. Cates testified that there was no damage to the vehicles prior to Drane's arrival at his apartment, and that there was keying after she had left. The Jaguar had $644 of damage, and the Buick had $490 of damage. Johnetta Core, who lived with Cates, testified that her car had been keyed from the front to the back on the driver's side, and that she had received an estimate of $996.62 to repair the vehicle. Core testified that her car had not been damaged when she returned home at 4:00 p.m. After noticing the damage, Cates called the police.
 {¶ 3} On January 9, 2006, Tonya Drane was charged by complaint with criminally damaging the three automobiles. The case was tried to the court on April 25-26, 2006. At the conclusion of the state's case, Drane moved for a judgment of acquittal, arguing that there was no direct evidence that she lacked consent to damage the vehicles. On April 26, 2006, the court overruled the motion. Drane did not present any witnesses in her defense. At the conclusion of the trial, the court found Drane guilty of criminal damaging and orally sentenced her to 90 days in jail, all of which were suspended, and ordered her to pay restitution totaling $1,134 to Cates and $996.62 to Core. The court further stated that Drane would be placed on probation for two years *Page 3 
and that the court was suspending a fine.
 {¶ 4} We note that the court subsequently reiterated the sentence with various permutations. The "transcript of docket entries" states that sentence was imposed on April 25, 2006, which was prior to the oral pronouncement of sentence; the transcript of the docket entries indicates that the sentence included the suspended fine, the assessment of fees and costs, and probation, but omits the suspended jail term and restitution. The trial court's file jacket, which has a file-stamp of April 26, 2006 over the portion discussing the sentence, indicates that Drane's sentence consisted of a suspended $750 fine, court costs of $85, fees of $171, restitution to Core ($996.62) and Cates ($1,134), a 90-day suspended jail term, and two years of probation. A "transcript of the criminal docket," file-stamped May 16, 2006, states that the sentence consisted of the suspended fine, court costs and fees, a 90-day suspended jail term, and two years of probation; the transcript of the criminal docket did not mention restitution.
 {¶ 5} On May 15, 2006, the court filed a "journal sentencing entry," which found Drane guilty of criminal damaging and imposed the following sentence: a fine of $750, which was suspended; fees in the amount of $171; and costs in the amount of $85. Notably, this journal entry omits the restitution order, the suspended jail sentence, and the period of probation. Although the May 15, 2006 sentencing entry omitted several aspects of the intended sentence, in our view, it constituted the final judgment from which Drane has appealed. See State v. French, Greene App. No. 2005-CA-126, 2006-Ohio-7115.
 {¶ 6} In her sole assignment of error on appeal, Drane claims that the trial *Page 4 
court erred in overruling her Crim.R. 29 motion for acquittal.
 {¶ 7} Criminal Rule 29(A) provides that the trial court shall enter a judgment of acquittal on one or more offenses charged in the indictment if the evidence is insufficient to sustain a conviction of such offense or offenses. "`[Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541, citing Black's Law Dictionary (6th Ed. 1990) 1433. When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372, 683 N.E.2d 1096, citingJackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d. 560. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 8} R.C. 2909.06 provides, in pertinent part:
 {¶ 9} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 10} "(1) Knowingly, by any means;
 {¶ 11} "(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."
 {¶ 12} Drane argues that the state failed to satisfy its burden of proof, because it *Page 5 
failed to present direct evidence that the damage was caused without Cates' or Core's consent. She states:
 {¶ 13} "The fact that the owners of the vehicles were unaware of the damage until told, that they wanted the damage repaired, and that they called the police is not sufficient to prove a lack of consent. In almost every criminal damaging case that gets to court these facts would be the same. The police need to be called and the damage reported. The legislature saw fit to require the element of without consent to convict for a charge of criminal damaging. The fact that there was evidence that appellant `keyed' the cars, that the police were called and appellant was subsequently charged is not circumstantial evidence that the damage was not caused without permission."
 {¶ 14} We disagree with Drane that the state's circumstantial evidence was insufficient to support her conviction. Circumstantial evidence and direct evidence have equivalent probative value. State v. Jenks (1991),61 Ohio St.3d 259, 272, 574 N.E.2d 492; State v. Reynolds, Montgomery App. No. 19780, 2003-Ohio-7245, ¶ 17. Consequently, a defendant may be convicted solely on the basis of circumstantial evidence. State v.Nicely (1988), 39 Ohio St.3d 147, 529 N.E.2d 1236. In fact, we have noted that circumstantial evidence is often more persuasive than direct evidence. State v. Reed, 155 Ohio App.3d 435, 2003-Ohio-6536,801 N.E.2d 862, ¶ 56. As stated by the Supreme Court of Ohio, "circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence." State v. Jackson (1991), 57 Ohio St.3d 29, 38,565 N.E.2d 549.
 {¶ 15} As indicated by Drane, the state relied upon circumstantial evidence to establish that Cates and Core did not consent to the damage of their vehicles. The *Page 6 
state's evidence showed that Berry witnessed Drane key the vehicles after an argument with Cates, the cars were undamaged prior to Drane's presence at the apartment, Cates and Core were not aware of the damage until Berry informed them of what he had seen, Cates contacted the police immediately after finding the damage, and the victims received estimates of the cost to repair their cars. Although it would have been advisable for the prosecutor to elicit direct testimonial evidence from Cates and Core that they did not consent to Drane's damaging their cars, the prosecutor's failure to do so was not fatal to the state's case. In our view, the state's evidence supported a reasonable inference that Cates and Core did not consent to the damage to their vehicles. Accordingly, the state properly established that Drane acted "without consent" through circumstantial evidence, and the trial court did not err in overruling Drane's motion for an acquittal.
 {¶ 16} Drane's assignment of error is overruled.
 {¶ 17} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1