[Cite as *State v. Porter*, 2021-Ohio-3232.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200459 |
| | | TRIAL NO. 20CRB-16584 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| VANECIA PORTER, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 17, 2021

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Connor E. Woods*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jon R. Sinclair*, for Defendant-Appellant.

**BOCK, Judge.**

{¶1}   Defendant-appellant Venezia Hill (née Vanieciea Porter) ("Hill") appeals her domestic-violence conviction, asserting that the trial court erred by not granting her Crim.R. 29 motion for an acquittal and that her conviction was supported by insufficient evidence and was against the manifest weight of the evidence.

**Facts and Procedure**

{¶2}   Hill and her sister, Shelly Porter, went grocery shopping together. The sisters got into a verbal altercation in Hill's car. Outside of Porter's residence, the disagreement turned into a physical altercation. After a passerby broke up the fight, Porter went into her apartment. Hill called 911.

A.     Porter's Trial Testimony

{¶3}   Porter testified that, upon arrival at her apartment building, she had exited from Hill's vehicle and opened the back door to retrieve her groceries. She had shut the door before Hill came around the vehicle and got in Porter's face. Porter was on the phone with her stepmother during this time.

{¶4}   On direct examination, Porter testified that Hill had initiated physical contact by slapping Porter in the face. She said that Hill had her up against the vehicle with her hands around Porter's neck, so she pushed Hill to get her off of her. Porter stated that Hill had also slammed her into the ground. A passerby stopped to break up the fight, after which Hill kicked Porter in the stomach. Porter, seven-months pregnant, then went upstairs to change her pants and check her injuries. Porter was taken to the hospital to have her injuries examined.

{¶5} The state introduced photos that reflected Porter's injuries. The photos showed bleeding abrasions on Porter's face and on her elbow, scratches on her neck, and multiple abrasions on her foot, which were bleeding and swollen.

{¶6} On cross-examination, Porter denied starting the physical altercation. But Hill played police officers' body-worn camera footage ("BWC"), which showed Porter telling police that she had pushed Hill first because Hill had been in her face. Porter stated that she had been traumatized by the fight and that she did not remember them pushing each other. She further stated that she did not remember a lot of that day, but, based on the BWC, she had initiated contact by pushing Hill.

{¶7} After the state rested its case, Hill moved for a Crim.R. 29 acquittal. Hill argued that, based on Porter's agreement that she had pushed Hill first, Hill had acted in self-defense. The trial court denied Hill's motion.

### B. Hill's Trial Testimony

{¶8} Hill testified that Porter had slammed her door after Hill exited from her vehicle to shut the back door. Hill testified that Porter was on the phone when Porter said, "Oh you're coming over to fight me?" Hill stated that Porter then grabbed Hill by her neck, scratching her, and pushed Hill. Hill further testified that she feared for her safety. Hill stated that she ended up on the ground because Porter had slammed her. She testified that she had kicked toward Porter not to kick her in the stomach, but to get free of Porter.

{¶9} On cross-examination, Hill testified that she was behind her car when Porter had slammed the door. Porter had removed her groceries and was on a call right before the fight. Hill stated that she could not leave because Porter was trying to fight her. Hill testified that she suffered scratches to her neck, arm, and elbow.

{¶10} At the conclusion of Hill's testimony, defense counsel renewed the Crim.R. 29 motion, arguing that the state had not propounded any rebuttal to Hill's self-defense claim. The trial court denied the motion and found Hill guilty.

### The trial court did not err in overruling Hill's Crim.R. 29 motion[1]

{¶11} Hill's first assignment of error argues that the trial court erred in denying her Crim.R. 29 motion at the close of the state's case because the BWC showed Porter stating that she had shoved her sister first and Porter could not otherwise remember the details of their fight. Hill presented evidence and testified in her defense. Thus, she waived her right to challenge the sufficiency of the evidence at the close of the state's case. *State v. Pope*, 1st Dist. Hamilton No. C-180587, 2019-Ohio-3599, ¶ 3. Accordingly, Hill's assignment of error is recast to have asserted that the trial court erred in not granting her Crim.R. 29(A) motion at the close of all of the evidence.

{¶12} To establish self-defense, defendants have the initial burden of producing evidence that tends to support that they used force in self-defense. *State v. Davidson-Dixon*, 2021-Ohio-1485, 170 N.E.3d 557, ¶ 21 (8th Dist.); R.C. 2901.05(B)(1). In a nondeadly force case, the defendant must produce sufficient evidence tending to support that: 1.) she did not create the situation that caused the altercation, 2.) she had reasonable grounds to believe, and honestly believed, that she was in imminent danger of bodily harm, and 3.) the only way to protect herself from the danger was using force and that she did not use more force than was

---

[1] This court notes that other districts have determined that it is inappropriate to challenge self-defense under a sufficiency-of-the-evidence review. *E.g.*, *State v. Messenger*, 10th Dist. Franklin No. 19AP-879, 2021-Ohio-2044; *City of Fairview Park v. Peah*, 8th Dist. Cuyahoga No. 110128, 2021-Ohio-2685, ¶ 46. But as neither party raised this issue, we do not address it.

reasonably necessary to defend herself against the imminent danger of bodily harm. *Id.* at ¶ 21.

{¶13} If the defendant produces such evidence, the state then carries the burden of persuasion to prove the absence of any of these three elements beyond a reasonable doubt. *State v. Jacinto*, 2020-Ohio-3722, 155 N.E.3d 1056, ¶ 46 (8th Dist.).

{¶14} Hill presented evidence that tended to support that she did not start the fight. But Hill did not produce evidence that tended to show that she had a bona fide belief that she was in imminent danger of bodily harm, that she could only protect herself by using force, and that she only used the amount of force reasonably necessary.

{¶15} Hill claims that she exited from the vehicle to close the door and that she did not leave because Porter was trying to fight her. But she does not dispute that Porter had removed her groceries and had closed the door before Hill got to the other side of the vehicle. There is no duty to retreat to avoid danger in cases involving the use of nondeadly force, even if retreat is possible. *Davidson-Dixon*, 2021-Ohio-1485, 170 N.E.3d 557, at ¶ 32. But with no imminent danger posed to Hill as she sat inside of her vehicle—or at any time before she reached the other side of the vehicle—Hill could have chosen to stay in the car, to stay on her side of the car, or to leave, rather than to approach her sister. Therefore, we find that Hill did not have a bona fide belief that Porter posed an imminent threat of physical harm.

{¶16} Moreover, Hill's use and amount of force was not reasonably necessary. While the record shows that Hill only suffered a few scratches, Porter

5

suffered significant injuries to her face, elbow, and foot, in addition to being kicked in the stomach, all while being seven-months pregnant. Porter's injuries warranted her being transported to the hospital to treat her injuries and to ensure that the fetus had not been harmed as a result of the altercation.

{¶17} Hill failed to produce sufficient evidence that tended to show self-defense. Therefore, the court did not err in overruling her Crim.R. 29 motion. Hill's first assignment of error is overruled.

## **The trial court did not err in convicting Hill of domestic violence.**

{¶18} Hill's second assignment of error asserts that there was insufficient evidence to support her conviction and that her conviction was against the manifest weight of the evidence.

### A. Sufficiency of the Evidence

{¶19} The test for determining the sufficiency of the evidence is whether "after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). It is a question of law for the court to determine and this court is not to weigh the evidence unless, after viewing the evidence, it weighs heavily against conviction. *MacDonald* at ¶ 12.

{¶20} Hill contends that there was insufficient evidence to support a conviction for domestic violence because Porter, the only witness for the state, testified that she did not remember the details of the physical fight and that she had initiated contact by pushing Hill first. Hill further argues that the state failed to

disprove Hill's self-defense claim.

{¶21} We have already determined that Hill failed to produce sufficient evidence that tended to support her self-defense claim. Therefore, the state had no burden to disprove self-defense. We therefore turn to whether the state provided sufficient evidence to prove domestic violence.

{¶22} Hill was convicted of domestic violence under R.C. 2919.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The slightest injury is sufficient to prove physical harm. *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 35 (1st Dist.).

{¶23} The evidence was sufficient to support all of the elements of R.C 2919.25(A). Hill and Porter are sisters who lived together as children. Hill knowingly caused physical harm to Porter's face, arm, and foot and she kicked her in her stomach. Porter's injuries were significant enough to warrant medical attention, particularly due to the risk that the physical harm could have posed to her fetus. We therefore find that the trial court had sufficient evidence upon which to base its guilty finding.

### B. Weight of the Evidence

{¶24} In reviewing a weight-of-the-evidence claim, this court must review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

7

{¶25} The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *Bailey* at ¶ 63. In reviewing a challenge to the weight of the evidence, this court sits as a "thirteenth juror." *State v. Curry*, 1st Dist. Hamilton No. C-180493, 2020-Ohio-1230, ¶ 17, quoting *Thompkins*. However, this court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *Bailey* at ¶ 63.

{¶26} Hill contends that there was no credible evidence to support a conviction for domestic violence because Porter, the only witness for the state, discredited her testimony when she testified that she did not remember the details of the physical fight and that she had initiated contact by pushing Hill.

{¶27} The state offered credible evidence to support Hill's domestic-violence conviction. As discussed above, the state did not need to prove the absence of self-defense because Hill failed to produce sufficient evidence that tended to show self-defense.

{¶28} The testimony and photographs offered at trial support that Hill caused injuries to Porter's face, arm, and foot. Indeed, Hill did not deny that she caused Porter's injuries. Instead, she asserted that she was acting in self-defense. We therefore find that the evidence was credible and the trial court did not patently lose its way in finding Hill guilty of domestic violence.

{¶29} Hill's second assignment of error is overruled.

8

## Conclusion

**{¶30}** Hill's conviction was supported by sufficient evidence. The trial court properly overruled Hill's Crim.R. 29 motion and found Hill guilty of domestic violence. We therefore affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion