[Cite as *State v. Todd*, 2023-Ohio-2139.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220380 |
| | | TRIAL NO. 22CRB-2430 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| KEVIN TODD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Amber H. Daniel*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}    Following a bench trial in municipal court, defendant-appellant Kevin Todd was convicted of criminal damaging in violation of R.C. 2909.06. He appeals that conviction, raising a sole assignment of error that his conviction was based on insufficient evidence and against the manifest weight of the evidence. For the reasons set forth below, we affirm the conviction.

## Facts and Procedural History

{¶2}    On February 16, 2022, Cincinnati Police responded to a call that someone was breaking into the laundry machines at 323 Terrace Avenue. When an officer arrived at that address, he entered the basement where the laundry machines are located. There, the officer could hear sounds of tools banging against the laundry machines indicative of someone breaking into them. The officer shouted to identify himself as a police officer, and the banging noise stopped. The officer shouted verbal commands into the now-silent basement, but no one appeared. Eventually, after the officer shouted more commands, Todd appeared.

{¶3}    The basement was extensively damaged. The outside window to the basement was broken in and the laundry-room floor had water damage. The laundry machines were torn from the walls, their electrical components were damaged, their coin apertures were broken into and removed, and coins were scattered on the floor. The gas line was torn from the dryer. The officer did not see Todd strike anything, but Todd was the only person found in the basement. Todd admitted to the officer he was trying to get money from the coin-operated laundry machines. Todd was arrested and charged with criminal trespass and criminal damaging.

2

{¶4} At trial, the maintenance coordinator for 323 Terrace Avenue testified to the extent of the damage and that he had not authorized any damage to the laundry machines. The defense argued at trial that there was no direct evidence that Todd entered the building without consent or that Todd damaged the laundry machines or that any damage was done without consent of the laundry machines' owner. The municipal court convicted Todd of criminal damaging but acquitted him of criminal trespass. This appeal followed.

## Analysis

{¶5} In his sole assignment of error, Todd contends his conviction was based on insufficient evidence and against the manifest weight of the evidence. There are two issues presented for review (1) whether the state produced sufficient evidence as to each element of the criminal-damaging offense and (2) whether the state proved that Todd committed the offense beyond a reasonable doubt.

{¶6} A challenge to the sufficiency of evidence supporting a conviction requires a reviewing court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997) (Cook, J., concurring). The relevant inquiry, when reviewing the sufficiency of the evidence, is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, ¶ 48. In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses. *State v.*

*Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 45. It is a question of law for the court to determine and an appellate court is not to weigh the evidence unless, after viewing the evidence, it weighs heavily against conviction. *Id.*

{¶7} In contrast to a challenge to the sufficiency of evidence, in deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. *Thompkins* at 390 (Cook, J., concurring). In reviewing the manifest weight of the evidence, an appellate court must review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *Thompkins* at 387.

{¶8} The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. Porter*, 1st Dist. Hamilton No. C-200459, 2021-Ohio-3232, ¶ 25. In reviewing a challenge to the weight of the evidence, this court sits as a "thirteenth juror." *State v. Curry*, 1st Dist. Hamilton No. C-180493, 2020-Ohio-1230, ¶ 17, quoting *Thompkins* at 387. However, a reviewing court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *Porter* at ¶ 25.

{¶9} To prove the offense of criminal damaging, the state must show that the defendant (1) knowingly (2) caused physical harm (3) to any property

of another (4) without the other person's consent. R.C. 2909.06(A)(1). There are two relevant issues on appeal: first, whether the state produced sufficient evidence to prove the fourth element, that Todd acted without consent, and second, whether the manifest weight of the evidence properly showed that Todd caused the "physical harm" to the laundry machines.

### *Sufficiency of the Evidence*

{¶10} R.C. 2909.06 prohibits harm to "any property of another without the other person's consent." The key element in this case is "without the other person's consent." The statute is not so narrow that only the owner can testify to the lack of consent. *See Dayton v. Wells*, 2d Dist. Montgomery No. 12862, 1992 Ohio App. LEXIS 2763, 3 (May 29, 1992) (holding under analogous city ordinance, "[t]here is no merit to the position that only the actual owner of the [property] may assert the damage or indicate the lack of consent to the unlawful act of appellant"). Where the property is owned by a corporation, the corporation itself cannot consent. Rather, a corporation may only consent to damage to its property through its agents. *See State v. Murray*, 7th Dist. Mahoning No. 07 MA 21, 2008-Ohio-1537, ¶ 28-30 (holding the owner of the LLC that owned an apartment building properly testified to the lack of consent to damage to the building's plumbing); *State v. Hill*, 8th Dist. Cuyahoga No. 107058, 2019-Ohio-698, ¶ 18 (finding son of the vehicle owner who was in possession of the vehicle properly testified to the lack of consent to the damage to the vehicle). Thus, an agent authorized to consent to property damage on behalf of the owner or who manages or controls the property on behalf of the owner may testify to the lack of the owner's consent.

5

{¶11} Here, Don Luck, the maintenance coordinator employed at 323 Terrace Avenue, testified that he did not authorize any damage to the building's laundry machines. Under a sufficiency review, we must view this testimony in the light most favorable to the prosecution. *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, at ¶ 48. While Luck did not testify that the owner of the building expressly authorized him to consent to damage, Luck did testify that he was employed at 323 Terrace Avenue as a maintenance coordinator. Viewed most favorably for the prosecution, a reasonable factfinder could find that Todd acted without the consent of the owner of 323 Terrace Avenue because the building maintenance coordinator had not authorized Todd's actions.

{¶12} This case is unlike *Akron v. Garrett*, 9th Dist. Summit No. 24412, 2009-Ohio-1522. In that case, the Ninth District reversed a conviction for criminal damaging for throwing rocks at a bar's surveillance cameras for lack of evidence of the consent element when the state presented the testimony of bartenders and the responding officer and not the bar's owner. *Id*. at ¶ 3-5, 12. The Ninth District concluded the bartenders could not testify to the lack of consent because there was no evidence the two bartenders had the authority to give or withhold consent on behalf of the bar's owner. *Id*. at ¶ 12. The bar's owner did not testify, though police interviewed him. *Id*. The owner did not sign the complaint, though he was present at the scene and ordered the cameras repaired. *Id*. From those facts, the Ninth District inferred only the bar's owner, and not the bartenders, had the authority to give or withhold consent to matters regarding the surveillance cameras. *Id*. Because

6

the bar owner did not testify that he did not consent to rocks being hurled at his surveillance cameras, the Ninth District concluded there was no evidence to the lack of consent element. *Id.* While the Ninth District recognized both the "absurdity of the result" in its own opinion and that "simple logic dictates few property owners would consent to rocks hurled at their property for the purpose of damaging them," it concluded there was not sufficient evidence to the element of consent. *Id.* at ¶ 15.

{¶13} *Garrett* is distinguishable from the instant case because it can be inferred from Luck's employment as the maintenance coordinator at 323 Terrace Avenue, that the owner of that property authorized Luck to give or withhold consent to damage the building's laundry machines and Luck testified that no consent was given. While it may be outside a bartender's normal duties to consent to any repairs or damage to a bar's surveillance cameras, it is well within a maintenance coordinator's normal duties to consent to any repairs or damage to the property the coordinator oversees. Thus, the state has avoided the problem in *Garrett* by producing direct evidence of the lack of consent element from an employee of the owner duly authorized to give or withhold consent.

{¶14} Even if the maintenance coordinator was not qualified to testify as to consent, there is also circumstantial evidence suggesting Todd was not authorized to damage the laundry machines. Circumstantial evidence and direct evidence have the same probative value. *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus. Consequently, a defendant may be convicted of criminal damaging solely based on circumstantial evidence. *See State v. Drane*, 2d Dist. Montgomery No. 21626, 2007-Ohio-2591, ¶ 14, citing

7

*State v. Nicely*, 39 Ohio St.3d 147, 529 N.E.2d 1236 (1988). Circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence. *Id.*, quoting *State v. Jackson*, 57 Ohio St.3d 29, 38, 565 N.E.2d 549 (1991).

{¶15} Here, the circumstantial evidence of Todd's actions and statements suggest he was not authorized to damage the laundry machines. Again, the appellate court must view this evidence in the light most favorable to the prosecution. *Jenks*, at paragraph two of the syllabus; *Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, at ¶ 48. The moment the responding officer identified himself as a police officer, the banging noises in the laundry room ceased. Instead of explaining to the officer that Todd was repairing the machines, Todd hid in the darkness and did not appear until ordered multiple times. This implies that Todd was surprised by the arrival of the police and his first thought was to hide from the officer. Todd admitted he was trying to get money from the laundry machines' coin slots. No other evidence was offered suggesting that the owner consented to Todd damaging the laundry machines or offering any other reason for his actions. The maintenance coordinator specifically testified he did not authorize any damage to the machines. Viewing the evidence in the light most favorable to the prosecution, a reasonable factfinder could infer from Todd's actions and statements that the building owner did not consent to Todd damaging the laundry machines.

{¶16} Additionally, the broad scope of damage is inconsistent with a consented-to repair, replacement, or modification and the ordinary wear and tear from tenant use. Here, the laundry machines were torn from the walls, their electrical components were damaged, their coin apertures were broken

8

into and removed, coins were scattered on the floor, the gas line was removed from the dryer, and there was water damage. There was no evidence presented that suggested that the laundry machines were previously nonfunctional, that access was needed to the laundry room wall, that the gas line needed replacing, that coins had jammed the apertures, or that the laundry room floor needed to be washed out. If such extensive damage were authorized, the maintenance coordinator for the building would presumably have to authorize it or at least know about it in advance. This is especially true because the damage caused water to leak in the basement and affected the building's gas line. Viewing the evidence of the damage in the light most favorable to the prosecution, a reasonable factfinder could infer such broad damage was not consented to.

{¶17}  After a review of the entire record in the light most favorable to the prosecution, the state presented sufficient evidence such that a rational trier of fact could have found beyond a reasonable doubt that Todd did not have consent to damage the machines. There is no cognitive dissonance between the trial court convicting Todd of criminal damaging and acquitting him of criminal trespass even though both crimes share an element of consent. At trial, there was no evidence addressing whether Todd had permission to be in the building. However, there is ample direct and circumstantial evidence that Todd did not have consent to damage the laundry machines.

### Manifest Weight of the Evidence

{¶18}  The manifest weight of the evidence properly shows that Todd caused the damage to the laundry machines. Unlike a review of the sufficiency of the evidence, we must consider in determining the manifest weight of the evidence the credibility of the witnesses and determine whether, in resolving

conflicts in the evidence, the [trier of fact] clearly lost its way. *Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, at ¶ 59, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Identity can be proven with direct and circumstantial evidence like any other element of an offense. *State v. Gibson*, 9th Dist. Summit No. 23881, 2008-Ohio-410, ¶ 8. As discussed previously, circumstantial evidence and direct evidence have the same probative value. *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of syllabus. On a manifest-weight review, we must assess which of the competing inferences is more believable. *State v. Richards*, 1st Dist. Hamilton No. C-210656, 2022-Ohio-4698, ¶ 13, quoting *State v. Williams*, 10th Dist. Franklin No. 10AP-779, 2011-Ohio-4760, ¶ 21.

{¶19} While there is no direct evidence that Todd damaged the laundry machines, the circumstantial evidence supports an inference that Todd did. The maintenance coordinator for the building testified that the laundry machines were in working condition a few days prior to February 16. On February 16, a 9-1-1 call reporting a potential crime in progress brought the police. The responding officer heard the noise of tools banging against the machines coming from the laundry room. The responding officer identified himself as a police officer and the banging ceased. Todd was the only person found in the laundry room, hidden in the darkness, where he admitted that he was trying to get money out of the machines. Todd was not found with any laundry or cleaning supplies to suggest he was using already-broken machines. The coin slots on the laundry machines were pried open, consistent with someone trying to get money out of them. While the responding officer did not directly observe Todd damage the laundry machines, the proximity in time of

the banging noises to the officer finding Todd alone in the basement, together with Todd's admission, and that the damage is consistent with that admission, provides ample circumstantial evidence to support the inference that Todd damaged the laundry machines. *See City of Cleveland v. Graham*, 8th Dist. Cuyahoga No. 100394, 2014-Ohio-3413, ¶ 28 (finding all elements of criminal damaging established where witness heard glass shattering, found her window shattered, and saw the defendant next to her car); *Drane*, 2d Dist. Montgomery No. 21626, 2007-Ohio-2591, at ¶ 15 (upholding criminal-damaging conviction where vehicles were not damaged before defendant arrived but found keyed after defendant had left).

{¶20}  The competing inferences that the machines were damaged sometime before February 16 and that Todd was in the basement to repair or use the laundry machines or for other reasons entirely unrelated to the laundry machines is possible.  However, such competing inferences are comparatively implausible.  The record is devoid of evidence to support such an inference.  There is no indication in the record that the laundry machines were damaged before February 16.  The only supporting evidence offered is that Todd stated he was not trying to steal anything.  However, this statement occurred after the police officer arrested Todd and placed him in the back of the police cruiser.  Todd also admitted, prior to being arrested, that he was trying to get money from the laundry machines.  The court was entitled to discount Todd's self-serving statement after being arrested and instead believe the police officer's testimony that Todd was trying to get money from the laundry machines.  After considering the weight and credibility of all the evidence presented at trial, we

cannot say the trial court patently lost its way in convicting Todd of criminal damaging.

## Conclusion

**{¶21}** We hold that Todd's conviction was supported by sufficient evidence and was not against the weight of the evidence and we overrule the sole assignment of error. The judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS**, **P.J.**, and **BOCK**, **J.**, concur.

Please note:

The court has recorded its own entry on this date.